IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LANCE GADISON                                                                               PLAINTIFF

v.                                                                                    No. 4:03CV281-P-A

MR. JACKSON                                                                              DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the court on the defendant January 26, 2006, motion for summary judgment filed in this *pro se* prisoner challenge to the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the defendant sprayed him with mace without justifiable reason, then refused to secure medical treatment for the plaintiff. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the

burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Facts[1]

In September of 2000, the plaintiff was charged with house burglary and housed at the City of Hollandale jail. Late in the afternoon on September 12, 2000, the plaintiff wanted to make a phone call. *Id.* at 9. At "about 6" in the afternoon, he was the only one in the back of the jail, and he was trying to get the attention of an officer so he could make a phone call. *Id.* He "went to the bars" and began "holler[ing]" in an attempt to get somebody's attention. *Id.* The plaintiff continued yelling that he wanted to make a phone call for approximately three hours – until around 9:00 p.m., when Officer Jackson came back to the bull pen area. *Id.* at 10. The plaintiff testified, "I was like, Man, I'm just trying to get somebody to come let me out so I can use the phone." *Id.* at 10. Officer Jackson then ordered the Plaintiff to "Step back. Step away – step back away from the bars." *Id.* The plaintiff did not step back immediately because "I was trying to get my question in to ask could I use the telephone and stuff, but he just told me to step back away from the bar." *Id.* Officer Jackson then asked Plaintiff "what [he] was beating for," and Plaintiff responded, "What you mean that I was beating for? I say, I was trying to get somebody's attention to come back there." *Id.* at 10-11.

The plaintiff testified, "[Officer Jackson] told me, step back. I guess I ain't step back quick enough. That's when he pulled up a can of mace, started spraying me with it." *Id.* at 11. The plaintiff backed up to the wall, and Officer Jackson opened the bull pen door and entered. *Id.* Officer Jackson continued to use his mace upon entering the bull pen. *Id.* He then left the bull pen area, and the plaintiff got in the shower. *Id.* Officer Jackson returned with another

---

[1] The facts set forth below have been gleaned from the complaint and the plaintiff's deposition.

officer and ordered the Plaintiff out of the shower and into his cell. *Id.* The Plaintiff complied with Officer Jackson's order, but only after Officer Jackson threatened to spray the Plaintiff with mace again. *Id.*

The Plaintiff spent the night locked in his cell. *Id.* at 15. When asked at his deposition whether he requested medical attention, the plaintiff responded:

[By Ms. Brown]

Q: Who did you specifically ask for medical attention from that night?

A: Well, before he [Officer Jackson] left, and I was like, Man, you ain't going to try to let me out, catch no air, or nothing like that? Then my face, you know what I'm saying, burning real bad and stuff."

*Plaintiff's Depo. at 15-16*.

The plaintiff also testified that from his cell he "was trying to holler up there to call the dispatcher and stuff like that." *Id.* When the plaintiff woke up the next morning, Lashell Pam, asked the plaintiff what happened to his face. *Id.* at 17. The plaintiff asked her what she meant, and Ms. Pam responded that something was wrong with the skin on the plaintiff's face. *Id.* The mace caused the skin on his cheeks, nose and forehead to peel off. *Id.* at 22-23. That afternoon, Officer Jackson allowed the plaintiff to contact his mother. *Id.* at 17-18. On September 19, 2000, the plaintiff's mother visited the plaintiff and brought him some cream for his face. *Id.* at 20. The cream helped and his face was healed by October 5, 2000. *Id.* at 24. The plaintiff did not suffer any scarring as a result of this incident. *Id.* at 25. The plaintiff was transferred to the county jail on September 28, 2000. He did not request any medical attention for his face at the county jail because the cream his mother gave him had worked. *Id.* at 23-25.

**Excessive Force**

The plaintiff claims that a prison official used excessive force against him in violation of the Eighth Amendment. Courts must balance the constitutional rights of convicted prisoners with the needs of prison officials to use force effectively to maintain prison order. To establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993). The plaintiff has failed to meet this burden. The plaintiff beat on a jail door and yelled *for three hours*. When a guard came to see what the plaintiff was yelling about, the plaintiff failed to obey the officer's order to step back from the door. Rather than simply bursting in and risking injury to the plaintiff or himself, the defendant sprayed the plaintiff with mace to gain control over him. The plaintiff then retreated to the shower. The defendant and another officer ordered the plaintiff to exit the shower, and even then the plaintiff refused to comply until the officers threatened to use mace once again. The defendant used force in a good-faith effort to control an unruly prisoner who had been causing a ruckus for some three hours. Once the plaintiff complied with the order given, the defendant ceased using force. Under this set of facts, the court finds that the plaintiff's claim of excessive force shall be dismissed for failure to state a claim upon which relief could be granted.

**Denial of Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of

prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

     In this case the plaintiff has not even established that he required medical treatment. The mace caused burning and irritation of the plaintiff's skin and eyes as it was designed to do. The

plaintiff retreated to the shower room to wash off the mace. The mace dried out the skin on the plaintiff's face, and that skin started peeling the next day. The defendant permitted the plaintiff to call his mother who brought cream for the plaintiff's skin. The cream worked, and the plaintiff's skin healed completely. In addition, the plaintiff never requested medical treatment. Under these facts, the plaintiff's claim of denial of medical care must be dismissed for failure to state a claim upon which relief could be granted.

In sum, this case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 5th day of May, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE